IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOXOUT LLC<br><br>Plaintiff,<br><br>v.<br><br>SVELTE BRANDS LLC dba Apothecarie New York<br><br>Defendant. | CASE NO.  23-5568<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Boxout LLC (fka WBC Group, LLC, "Plaintiff" or "Boxout"), by and through undersigned counsel, files this complaint against defendant Svelte Brands LLC dba Apothecarie New York ("Svelte" or "Defendant"), alleging as follows:

1. This is a complaint for breach of contract, or alternatively breach of implied contract, unjust enrichment, and goods sold and delivered, against Svelte arising from that party's formation of a number of agreements for the sale and purchase of medical and dermatological goods with Plaintiff.

2. After placing purchase orders for dermatological goods, and after Plaintiff having fully performed on those orders by producing and delivering the goods (the "Goods"), Svelte failed to pay.

3. Svelte received the Goods and benefited from the use and/or resale of the Goods, without having compensated Plaintiff for the value of the Goods.

I. THE PARTIES

4. Plaintiff Boxout is a limited liability company duly formed under the laws of the State of Ohio with a principal place of business in Ohio.  None of its members, or its members' members, are citizens of the State of New York.

1

5. Upon information and belief, Defendant Svelte is a limited liability company duly formed under the laws of the State of New York with a principal place of business in New Jersey, which sometimes conducts business under the name Apothecarie New York or Apothecarie.com. On information and belief, none of its members, or its members' members, are citizens of the State of Ohio.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction under 18 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is an Ohio limited liability company headquartered in Ohio, with none of its members being citizens of New York. Defendant Svelte is a New York limited liability company headquartered in the State of New Jersey. On information and belief, none of Svelte's members are citizens of Ohio. Pursuant to 28 U.S.C. § 1332(a)(1), there exists complete diversity of citizenship of the parties. There are no other parties to the case whose citizenship is at issue under 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Svelte because it was formed under the laws of the State of New York.

8. This Court is a proper venue pursuant to 28 U.S.C. § 1291(b)(1), because Svelte maintains or maintained an address in this judicial district, and pursuant to 28 U.S.C. § 1291(b)(2), because a substantial part of the events or omissions giving rise to this action took place in this judicial district.

## III. STATEMENT OF FACTS

9. Plaintiff is primarily in the business of logistics and the wholesale distribution of medical and dermatological products to buyers around the United States.

10. Defendant Svelte is, on information and belief, a New York and New Jersey based retailer, hair salon, and "skin spa."

11. Throughout 2022, Svelte ordered dermatological products from Plaintiff, all of which were shipped and delivered to Svelte.

12. Among the purchase orders, Svelte ordered $327,040.24 in goods that it never paid for (the "Goods").

13. Following receipt of the purchase orders, Plaintiff delivered the Goods, issuing the respective invoices (the "Invoices," copies of which are included here as **Exhibit A**).

14. Details of the unpaid Invoices are as follows:

| Transaction | Transaction Date | Remaining Amount | Purchase Order | Sales Order | Class |
|---|---|---|---|---|---|
| 7306768 | 29-Mar-22 | $ 1,430.80 | 10991 | 12252724444 | Invoice |
| 7829625 | 14-Jul-22 | $ 34,415.22 | 12355 | 12361836064 | Invoice |
| 7856236 | 20-Jul-22 | $ 29,911.80 | 12441 | 12369881114 | Invoice |
| 7898572 | 29-Jul-22 | $ 47,329.50 | 12506 | 12378618844 | Invoice |
| 7917796 | 2-Aug-22 | $ 147.00 | 12506 | 12378618844 | Invoice |
| 7923941 | 3-Aug-22 | $ 1,209.60 | 11241 | 12386246818 | Invoice |
| 7923940 | 3-Aug-22 | $ 2,116.80 | 11731 | 12386246938 | Invoice |
| 7925748 | 3-Aug-22 | $ 1,965.60 | 11802 | 12386247051 | Invoice |
| 7953842 | 9-Aug-22 | $ 903.00 | 12664 | 12393025764 | Invoice |
| 7967022 | 12-Aug-22 | $ 33,909.60 | 12667 | 12394278474 | Invoice |
| 8000341 | 19-Aug-22 | $ 30,080.16 | 12734 | 12401533864 | Invoice |
| 8039191 | 26-Aug-22 | $ 23,758.86 | 12796 | 12409416724 | Invoice |
| 8071319 | 2-Sep-22 | $ 33,554.76 | 12874 | 12418498504 | Invoice |
| 8093518 | 7-Sep-22 | $ 1,008.00 | 12932 | 12424179144 | Invoice |
| 8104860 | 9-Sep-22 | $ 42,710.04 | 12917 | 12423618204 | Invoice |
| 8135044 | 16-Sep-22 | $ 15.05 | 13008 | 12433902194 | Invoice |
| 8149449 | 19-Sep-22 | $ 42,792.85 | 13008 | 12433902194 | Invoice |
| 8441329 | 15-Nov-22 | $ (218.40) | 12441 | 12447458611 | Credit Memo |
| **TOTAL** | | **$ 327,040.24** | | | |

15. The Goods were sold to Svelte on credit, for payment within 60 days of the issuance of the respective invoices ("60 NET" terms).

3

16. To date, Svelte has not paid for the Goods and Plaintiff has not otherwise received payment for the Goods.

17. Due to Defendant's actions, Plaintiff was damaged in an amount not less than $327,040.24.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

18. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

19. Beginning in 2018, Plaintiff and Defendant entered into a series of written sales agreements, followed by Plaintiff's acceptance and full performance of those agreements.

20. The parties intended to create, and did create, binding written contracts through those written agreements, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

21. With respect to the Goods, the Plaintiff has performed all of its obligations under Defendant's respective purchase orders except for those that have been prevented, delayed, or excused by the acts or omissions of Defendant.

22. While Plaintiff has performed all of its obligations under the agreements, Svelte has failed to perform its payment obligations and currently owes Plaintiff $327,040.24.

23. Because of Svelte's continuous and ongoing failure to perform their obligations to pay for the Goods, Plaintiff was damaged in an amount to be proven at trial but not less than $327,040.24.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

24. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

25. Plaintiff pleads this second cause of action in the alternative.

26. Beginning in or about 2022, Plaintiff and Defendnat entered into a series of verbal agreements or tacit understandings, followed by Plaintiff's acceptance and full performance.

27. These parties created binding implied contracts through the verbal agreements and actions, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

28. While Plaintiff has performed all of its obligations under the agreements, Svelte has failed to perform its payment obligation and currently owes Plaintiff $327,040.24.

29. Because of defendant Svelte's continuous and ongoing failure to perform its obligations to pay for the Goods, Plaintiff has been damaged in an amount to be proven at trial but not less than $327,040.24.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

30. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

31. Plaintiff pleads this third cause of action in the alternative to the first two causes of action.

32. Svelte unjustly received the benefit of the value of the Goods that were delivered by Plaintiff, but did not pay any consideration to Plaintiff for those Goods.

33. As a consequence of Svelte's actions, Plaintiff was deprived of possession of the Goods and suffered damages in an amount to be proven at trial but not less than $327,040.24.

## FOURTH CAUSE OF ACTION
## GOODS SOLD AND DELIVERED

34. Plaintiff incorporates herein all the preceding allegations as though fully set forth herein.

35. Plaintiff pleads this third cause of action in the alternative to the first three causes of action.

36. Plaintiff shipped the Goods.

37. Svelte received the Goods.

38. Svelte had an opportunity to inspect the Goods in its possession, but never formally rejected the Goods.

39. Under New York law, Plaintiff is entitled to recover the price of the Goods from Svelte, which is an amount not less than $327,040.24.

## V. JURY DEMAND

40. Plaintiff demands a jury trial on all issues that may be tried before a jury in this matter.

## VI. PRAYER

WHEREFORE, Plaintiff prays for judgment against Svelte for an award of damages in an amount to be proven at trial but not less than $327,040.24, as well as prejudgment interest and costs, and for such other and further relief as the Court may deem just, equitable or proper.

\#

\#

DATED this 24th day of July 2023

        Respectfully submitted,

        SARACHEK LAW FIRM

        */s/ Zachary E. Mazur*
        Zachary E. Mazur, Esq.
        670 White Plains Road, Suite PH
        Scarsdale, New York 10583
        zachary@saracheklawfirm.com (646) 519-4396